1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

UNITED STATES OF AMERICA,

NO.  CV24-1791

11

Plaintiff,

12

v.

**VERIFIED COMPLAINT
FOR FORFEITURE *IN REM***

13

14

15

16

17

18

REAL PROPERTY KNOWN AS 8801 W. SNOQUALMIE VALLEY ROAD NE, CARNATION, WASHINGTON, TOGETHER WITH ALL APPURTENANCES, FIXTURES, ATTACHMENTS, AND IMPROVEMENTS, THERETO AND THEREUPON.

19

Defendant.

20

21

## I.    NATURE OF THE ACTION

22

1.    This is a civil action *in rem* for forfeiture of the following real property (the

23

"Defendant Property"):

24

25

26

Real Property Known as 8801 W. Snoqualmie Valley Road Ne, Carnation, Together With All Appurtenances, Fixtures, Attachments, and Improvements, Thereto and Thereupon.

27

The Defendant Property is legally described as follows:

Verified Complaint for Forfeiture *in Rem* - 1
*United States v. Real Property at 8801 W. Snoqualmie Valley Rd NE*

PARCEL A:

THAT PORTION OF THE NORTHEAST QUARTER OF THE
SOUTHWEST QUARTER OF SECTION 1, TOWNSHIP 25 NORTH,
RANGE 6 EAST, W.M., IN KING COUNTY, WASHINGTON,
DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE WESTERLY MARGIN OF
WEST SNOQUALMIE VALLEY COUNTY ROAD, NORTH 37°21'00"
WEST 939.33 FEET FROM THE SOUTH LINE OF SAID
SUBDIVISION;
THENCE SOUTH 76°50' WEST 65.33 FEET TO THE TRUE POINT OF
BEGINNING;
THENCE CONTINUING SOUTH 76°50' WEST 232.70 FEET;
THENCE SOUTH 31°30' EAST 125.64 FEET;
THENCE NORTH 76°50' EAST 232.70 FEET;
THENCE NORTH 31 °30' WEST 125.64 FEET TO THE TRUE POINT
OF BEGINNING.

PARCEL B:

A NON-EXCLUSIVE EASEMENT FOR ROAD PURPOSES 20 FEET
WIDE EXTENDING FROM THE SOUTHEAST CORNER OF THE
ABOVE DESCRIBED TRACT ON THE SAME BEARING OF NORTH
76°50' EAST AS THE SOUTH LINE THEREOF AND TO THE WEST
LINE OF THE COUNTY ROAD.

SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

Parcel No. 012506902803.

2.    According to a Statutory Warranty Deed, filed with the King County

Recorder's Office on December 13, 2023, Instrument No. 20231213000278, the title to

the Defendant Property was conveyed to Braiden Wilson, an unmarried person, and

Chandler Bennett, an unmarried person, on December 12, 2023.

**II.    LEGAL BASIS FOR FORFEITURE**

3.    The Defendant Property is forfeitable pursuant to 21 U.S.C. § 881(a)(6) for

violations of 21 U.S.C. § 841(a)(1) (unlawful distribution of controlled substances)

Specifically, counsel for the United States has a reasonable belief the government will be

Verified Complaint for Forfeiture *in Rem* - 2
*United States v. Real Property at 8801 W. Snoqualmie Valley Rd NE*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  able to prove, to a preponderance of the evidence at trial, that the Defendant Property

2  constitutes and/or is traceable to proceeds from the sale of controlled substances.

### III.    JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345 and has jurisdiction over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

5.      This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts giving rise to the forfeiture occurred in this district.

7.      Pursuant to 18 U.S.C. § 985(a) and Rule G(3)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules") of the Federal Rules of Civil Procedure, all civil forfeitures of real property and interests in real property shall proceed as judicial forfeitures.

8.      Pursuant to Rule G(2)(f) of the Supplemental Rules, facts in support of a reasonable belief that the United States will be able to meet its burden of proof at trial are as follows and have been verified as set forth in the attached Verification of Homeland Security Investigations (HSI) Special Agent Kenneth C. Mesler.

### IV.    APPLICABLE STATUTES

9.      Pursuant to 21 U.S.C. § 841(a)(1), it is unlawful to knowingly distribute, or to possess with the intent to distribute, controlled substances.

10.      Pursuant to 21 U.S.C. § 881(a)(6), "[a]ll moneys, … or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such exchange, and all moneys, … used or intended to be used to facilitate any violation" of the same subchapter to Title 21, are subject to forfeiture to the United States.

Verified Complaint for Forfeiture *in Rem* - 3
*United States v. Real Property at 8801 W. Snoqualmie Valley Rd NE*

**V.    FACTS ESTABLISHING FORFEITURE NEXUS**

**A.    Summary of Investigation**

11.    In January of 2024, HSI commenced an investigation in the Western District of Washington after investigators placed an order for 100 M30 pills from a dark web vendor operating on Nemesis Market, and the order fulfillment shipment was routed to investigators via the United States Postal Service ("USPS") out of North Bend, Washington.

12.    Additional orders with the same vendor revealed the order fulfillment shipments each involved a USPS facility in North Bend. The fulfillment parcels were forensically examined, and one revealed a latent print with sufficient detail to return an identification for Braiden Wilson.

13.    Analysis of Wilson's dark web vendor profiles revealed that Wilson distributed controlled substances more than 2,000 times through dark web sales, for which he was paid the U.S. dollar equivalent of more than $287,000 in cryptocurrency.

14.    Investigators obtained a search warrant for location data associated with Wilson's phone, which showed Wilson's phone was in the area of Olallie State Park near North Bend.

15.    On May 12, 2024, deputies with the King County Sheriff's Office ("KCSO") responded to a 911 call regarding a shooting near Olallie State Park within the Western District of Washington. When deputies arrived, they observed Wilson and a woman identified as his girlfriend, Chandler Bennett. Deputies observed that Wilson appeared to have been shot in the arm.

16.    Following their interaction with Bennett and Wilson, deputies obtained a search warrant to search for motorhomes at the scene for evidence of the shooting. When the deputies entered the first motorhome, they observed what appeared to be controlled substances, firearms, firearm parts and accessories, ammunition, and blood spatter. The

Verified Complaint for Forfeiture *in Rem* - 4
*United States v. Real Property at 8801 W. Snoqualmie Valley Rd NE*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   deputies then obtained addenda to the initial search warrant to seize various other items

2   as the search progressed, including firearms, firearm accessories, and explosive devices.

3          17.     Inside the motorhomes, investigators recovered controlled substances and

4   evidence of the distribution of controlled substances. Investigators located what appeared

5   to be fentanyl, methamphetamine, and alprazolam. Investigators also recovered numerous

6   items used in the production and distribution of controlled substances including a pill

7   press.

8          18.     Investigators also found numerous firearms, destructive devices in various

9   stages of completion, materials for the creation of destructive devices, and literature on

10  how to convert firearms to operate in fully automatic mode and how to build destructive

11  devices. In particular, investigators located a black AR-15 type rifle with a drop-in auto

12  sear installed, pipe bombs, and silencers. Neither Wilson nor Bennett had any firearms or

13  accessories registered to them on the National Firearms Registration and Transfer Record

14  at any time.

15         19.     Investigators eventually arrested Wilson and Bennett. Investigators

16  eventually searched two storage units associated with Wilson and Bennett pursuant to

17  search warrants. Investigators located two additional pill presses, more controlled

18  substances, and USPS supplies addressed to Bennett.

19         20.     In all, investigators found approximately 2,780 net grams of fentanyl, 974

20  net grams of p-Fluorofentanyl, and 3,034 net grams of methamphetamine. Wilson and

21  Bennett possessed these controlled substances for the purpose of distributing them to

22  others for Wilson's and Bennett's financial gain.

23         21.     Wilson knowingly possessed the AR-15 type rifle with a drop-in auto sear

24  installed, knowing that it was a machinegun. Wilson knowingly possessed an explosive

25  device, commonly known as a pipe bomb, which was not registered to him in the

26  National Firearms Registration and Transfer Record.

27

Verified Complaint for Forfeiture *in Rem* - 5
*United States v. Real Property at 8801 W. Snoqualmie Valley Rd NE*

1    22.    The firearms, ammunition, silencers, and body armor further that Wilson

2    possessed facilitated his possession with the intent to distribute controlled substances.

3    **B.    The Defendant Property Was Purchased Using Proceeds of the**
     **Distribution of Controlled Substances**

4

5    23.    As noted above, analysis of Wilson's dark web vendor profiles revealed

6    that Wilson distributed controlled substances more than 2,000 times through dark web

7    sales, for which he was paid the U.S. dollar equivalent of more than $287,000 in

8    cryptocurrency.

9    24.    On or about November 30, 2023, Wilson deposited $130,000 into his Salal

10   Credit Union ("SCU") checking account ending -5174. That same day, Wilson deposited

11   $1,473,75 from his Cash App debit card into his SCU checking account.

12   25.    On or about December 4, 2023, Wilson caused a wire in the amount of

13   $1,500 to be sent from his SCU checking account to First American Title Insurance

14   Company ("FATIC"). These funds were his earnest money deposit for the purchase of the

15   Defendant Property.

16   26.    On or about December 12, 2023, Wilson deposited $982.50 from his Cash

17   App debit card into his SCU checking account. On or about December 12, 2023, Wilson

18   caused a wire in the amount of $129,898.41 to be sent from his SCU checking account to

19   FATIC, to purchase the Defendant Property.

20   27.    Wilson purchased the Defendant Property entirely with proceeds of his dark

21   web vendor sales of controlled substances.

22   **C.    Procedural Status**

23   28.    On May 16, 2024, Chandler B. Bennett and Braiden F. Wilson were

24   charged by Complaint with Possession of a Controlled Substance with Intent to

25   Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). *See* 24-CR-00093,

26   Dkt. No. 1. On May 29, 2024, a grand jury returned an Indictment charging Wilson and

27   Bennett with Possession of a Controlled Substance with Intent to Distribute, in violation

Verified Complaint for Forfeiture *in Rem* - 6
*United States v. Real Property at 8801 W. Snoqualmie Valley Rd NE*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   of 21 U.S.C. §§ 841(a) and 841(b)(1)(A) (Count 1), and Unlawful Possession of a

2   Machinegun, in violation of 18 U.S.C. § 922(o) (Count 2). Dkt. No. 17. Wilson was also

3   charged with Unlawful Possession of Destructive Devices, in violation of 26 U.S.C.

4   §§ 5861(d), 5845(a)(8), and 5845(f)(3) (Count 3) and Unlawful Possession of Silencers,

5   in violation of 26 U.S.C. §§ 5861(d) and 5845(a)(7). *Id.*

6           29.    On October 24, 2024, Wilson pleaded guilty to Possession of a Controlled

7   Substance with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C)

8   (lesser included offense of that charged in Count 1), Unlawful Possession of a

9   Machinegun, in violation of 18 U.S.C. § 922(o) (Count 2), and Unlawful Possession of

10  Destructive Devices, in violation of 26 U.S.C. §§ 5861(d), 5845(a)(8), and 5845(f)(3)

11  (Count 3). Dkt. No. 96. In his Plea Agreement, Wilson admitted that he purchased the

12  Defendant Property entirely with proceeds of his dark web vendor sales of controlled

13  substances, as outlined above. *Id.*, ¶ 8(m).

14          30.    In his Plea Agreement, Wilson acknowledged that the United States

15  intended to seek the civil forfeiture of the Defendant Property because Wilson had

16  purchased it entirely with proceeds of his dark web drug distribution. *Id.*, ¶ 13. Defendant

17  agreed not to file a claim, or otherwise contest, the civil forfeiture of the Defendant

18  Property. *Id.*

19          31.    On October 29, 2024, Bennett pleaded guilty to Possession of a Controlled

20  Substance with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C)

21  (lesser included offense of that charged in Count 1) and Unlawful Possession of a

22  Machinegun, in violation of 18 U.S.C. § 922(o) (Count 2). Dkt. No. 101. In her Plea

23  Agreement, Bennett acknowledged that the United States intended to seek the civil

24  forfeiture of the Defendant Property because Wilson purchased it entirely with proceeds

25

26

27

Verified Complaint for Forfeiture *in Rem* - 7
*United States v. Real Property at 8801 W. Snoqualmie Valley Rd NE*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of his dark web drug distribution. *Id.*, ¶ 13. Bennett agreed not to file a claim, or otherwise contest, the civil forfeiture of the Defendant Property. *Id.*

## VII.    CLAIM FOR RELIEF

32.    As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial. More specifically, there is probable cause to believe that the Defendant Property is forfeitable pursuant to 21 U.S.C. § 881(a)(6) as proceeds of drug distribution.

WHEREFORE, the United States respectfully requests:

1.    Due notice be given to all interested parties to appear and show cause why the Defendant Property should not be forfeited;

2.    Judgment be entered declaring the Defendant Property and any interest to be condemned and forfeited to the United States for disposition according to law; and,

3.    The United States be granted such other and further relief as this Court may deem just and proper.

DATED this 31st day of October, 2024.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney


 *s/ Karyn S. Johnson*
KARYN S. JOHNSON
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
Phone: 206-553-2462
Fax: 206-553-6934
Karyn.S.Johnson@usdoj.gov

Verified Complaint for Forfeiture *in Rem* - 8
*United States v. Real Property at 8801 W. Snoqualmie Valley Rd NE*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**VERIFICATION**

I, Kenneth C. Mesler, am a Special Agent with Homeland Security Investigations (HSI). I furnished the investigative facts contained in the foregoing Verified Complaint for Forfeiture *in Rem*. The investigative facts are based on personal knowledge I obtained from my involvement in the underlying investigation, my review of the relevant investigative material, other law enforcement officers involved in the investigation, other reliable government sources, and my own training and experience.

I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *In Rem*, that I know its contents, and that the facts it contains are true and correct to the best of my knowledge.

Executed this 31st day of October, 2024.

KENNETH C MESLER
Digitally signed by
KENNETH C MESLER
Date: 2024.10.31
08:51:30 -07'00'

KENNETH C. MESLER
Special Agent
Homeland Security Investigations

Verified Complaint for Forfeiture *in Rem* - 9
*United States v. Real Property at 8801 W. Snoqualmie Valley Rd NE*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970